THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM ELLZEY, Defendant-Appellant.

Third District   No. 3—87—0709

Opinion filed August 17, 1988.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, William Ellzey, was charged with one count each of armed violence and attempted murder. The defendant entered into a partially negotiated plea of guilty to the armed violence charge. In exchange, the State dismissed the charge for attempted murder as well as unrelated aggravated battery charges pending against the defendant. The State presented as a factual basis for the defendant's plea that Sheila Mitchell would testify that on February 13, 1987, the defendant repeatedly stabbed her with a knife. She would also testify that the defendant struck her in the back with a hammer and kicked her in the head. The trial court accepted the defendant's plea and entered a conviction on the charge of armed violence.

At the sentencing hearing, the State called Sheila Mitchell to testify. Mitchell testified as to the events of February 13, 1987. She also testified as to the pain she suffered and to the scars and muscle damage to her right arm that she received from the assault. Following further evidence in aggravation and mitigation, the court sentenced the defendant to 30 years of incarceration.

The sole issue on appeal is whether the trial court erred in permitting the sentencing testimony of the victim, Sheila Mitchell, where no written victim impact statement had been prepared prior to the sentencing hearing. The defendant contends that section 6 of the Bill of Rights for Victims and Witnesses of Violent Crime Act (the Act) (Ill. Rev. Stat. 1987, ch. 38, par. 1406) mandates that before a victim can testify at sentencing regarding the impact that the violent crime had upon him, he must first have prepared a written impact state-

ment. The defendant contends that Mitchell failed to prepare a written victim impact statement prior to testifying at sentencing. The defendant urges that we remand this cause for resentencing.

■ The State argues that the defendant waived this issue by failing to object both at sentencing and in his post-trial motion. We, however, choose to address the issue as plain error. 107 Ill. 2d R. 615(a).

■ Section 6 of the Act in relevant part states:

"[W]here a defendant has been convicted of a violent crime .***, and a victim of the violent crime is present in the courtroom at the time of the sentencing or the disposition hearing, the victim upon his or her request shall have the right to address the court regarding the impact which the defendant's criminal conduct or the juvenile's delinquent conduct has had upon the victim. If the victim chooses to exercise this right, the impact statement must have been prepared in writing in conjunction with the Office of the State's Attorney prior to the initial hearing or sentencing, before it can be presented orally at the sentencing hearing." Ill. Rev. Stat. 1987, ch. 38, par. 1406.

We specifically note the language that "the victim *upon his or her request* shall have the right to address the court." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 1406.) Such language clearly indicates that a written statement is required only when a victim whom the State does not choose to call, chooses to present a victim impact statement in open court. We find that section 6 is not applicable when the State, of its own accord, calls the victim to testify at the sentencing hearing. Absent an affirmative showing in the record otherwise, we presume that the victim testified at the State's request.

■ In the case at bar, Mitchell testified pursuant to the State's request, not pursuant to her statutory right. Thus, the State and Mitchell were not required to comply with section 6 of the Act. We find no error in their failure to provide a written impact statement.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.